IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID L. KING,

    Plaintiff,

v.                                      CASE NO. 4:11-cv-11-MP-GRJ

DR. GILO, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Northwest Florida Reception Center (NFRC), initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper. Plaintiff is proceeding pursuant to an Amended Complaint (Doc. 4). Upon careful consideration of Plaintiff's Amended Complaint, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The Court's previous order directing Plaintiff to submit service copies of the Amended Complaint will be withdrawn.

## Plaintiff's Allegations

Plaintiff makes the following allegation: "I was [exposed] to a toxic chemical when I was younger. A pesticide around my private part. . . . That's what's causing all these symptoms, lower back pains[,] lower abdominal pain[,] and a severe pain and numbness in my left leg." Plaintiff states that the prison medical personnel "know[] all about my symptoms." Plaintiff alleges that he has experienced lower back pain since April 2008 when he began seeking "proper" medical treatment. He states that in August

2010 he began losing the feeling in his left leg and arm "to go along with the back pains." He then began "to get a severe pain in my left leg." Plaintiff alleges that at that point he went to sick call and was referred to see Dr. Gilo, one of the named Defendants. Dr. Gilo scheduled Plaintiff for an x-ray. Plaintiff contends, however, that his symptoms require a "MRI and a tissue sample and a urine sample." Plaintiff alleges that he asked Dr. Gilo if the x-ray would reveal "a pinched nerve or a sliped [sic] disc or a blood clot or ripped muscles. Dr. Gilo said no." Plaintiff alleges that he wrote a request for an MRI and described his symptoms, and that Health Care Administrator E. Hand advised him to sign up for sick call if he was experiencing abdominal pain because his records do not reflect that Plaintiff has abdominal pain. Plaintiff states that Hand's response to his request was "true," but that his request was for an MRI and a "tissue sample," and those tests were not provided. Plaintiff alleges that he has "been back and forth to sick call for two and a half years now," but his symptoms have not been treated and the "chemical is spreading through my body." For relief, Plaintiff seeks damages in the amount of "one million dollars in U.S. currency[] tax free," and "proper medical treatment." Doc. 4.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal).*

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with

attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper

treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

## Discussion

Even if Plaintiff's allegations, liberally construed, establish that childhood exposure to a toxic chemical is causing symptoms that give rise to an objectively serious medical need, he has not alleged a deprivation of that need that is cognizable under the Eighth Amendment. Plaintiff alleges that he was referred to a doctor upon presenting to sick call with his complaints, and that the doctor ordered a diagnostic x-ray. He alleges that he has "been back and forth to sick call for two and a half years now," an allegation that does not suggest any deprivation of medical attention. Although Plaintiff alleges that prison officials have done "nothing" to treat his symptoms, it is apparent from his factual allegations that the gist of his complaint is that the Defendants have not complied with his wishes to have an MRI and "tissue samples." He complains that both Gilo and Hand refused his requests for such further diagnostic testing. The decision as to the type of treatment that is provided is a "classic example of a matter for medical judgment," that does not provide a basis for Eighth Amendment liability. *Estelle* 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.").

Accordingly, the Court concludes that the allegations of the Amended Complaint

fail to state a claim upon which relief may be granted. The order directing Plaintiff to submit service copies of the Amended Complaint, Doc. 12, is **WITHDRAWN**.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Amended Complaint, Doc. 4, be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS** this 14th day of April 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**